## Case No. 4,907.

### In re FOOT et al.

[11 Blatchf. 530;[1] 11 N. B. R. 153.]

Circuit Court, N. D. New York. March 17, 1874.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

Scott Lord, for assignee in bankruptcy.
George F. Comstock, for creditor.

WOODRUFF, Circuit Judge. The assignee of the bankrupts appeals from a decision of the district court in bankruptcy [case unreported], allowing, or refusing to strike out, the proof of debt against the bankrupts' estate, made by the Onondaga Salt Company, for a balance of account. The ground of objection to the allowance of such debt is, that the salt company have received an illegal preference, in payment, in part, of their account, which excludes them from any participation in the distribution of the assets. The salt company had, from time to time, sold to the bankrupts salt, on credit; but the proof here sufficiently shows that their last sales were upon the express terms of payment in cash on the receipt of the invoice by the bankrupts, to whom the salt was forwarded by canal, by the company. On the sale, the goods were placed on board a canal-boat, for transportation, and the invoice or bill thereof was forwarded to the bankrupts. The bankrupts did not remit the money in payment for the salt; on the contrary, the purchasers failed and became insolvent. But, the canal-boat containing the salt was stopped by ice on the canal, which interrupted navigation for the season, and the master of the canal-boat landed the salt and placed it in warehouse, and the warehouseman notified the purchasers of that fact, whereupon the purchasers gave to the warehouseman a conditional authority to sell the salt, i. e., if he could obtain a price which was specified. After the failure and insolvency of the purchasers, an interview was had by one of them with the officers or agents of the company, and he suggested the propriety of a resumption of the possession and ownership of the salt by the company, and, they acquiescing, he gave to the company an order therefor. The company then took possession of the salt, (excepting about fifty bushels thereof, which the warehouseman had in some manner disposed of,) and gave a credit therefor, at the price of the original sale, in extinguishment of an equal amount of charge in the general account, though without any other or special application of the payment. This resumption of possession and credit of the price, and the order given by the purchasers of the salt, in a state of insolvency, and when the company had reasonable cause to believe the purchasers were insolvent, is insisted upon as a giving and receiving part payment, in general account, by way of illegal preference, in fraud of the provisions of the

bankrupt law, which bars the company from any share in the assets of the bankrupts. The district court held otherwise, and, I think, correctly.

Although the purchasers had given authority to the warehouseman to sell, that order was conditional only. It had not changed his relation to the goods, except conditionally. He was not their general agent to receive and dispose of the salt. The salt was in course of transmission to the buyers, and so remained until it should, perchance, happen that another purchaser was found to whom, under the conditional authority, the warehouseman might make a sale. The general purpose was to forward the salt to the buyers. A special and subordinate intent arose from the unexpected detention of the goods, which gave rise to a conditional authority to sell the salt. I am, therefore, of opinion, that the goods had not come to the possession of the purchasers, or their agent, for disposal, so as to cut off the right of stoppage in transitu. See the subject largely discussed, and cases cited, in Harris v. Hart, 6 Duer, 606, affirmed 17 N. Y. 249. The salt company had the right, therefore, to stop the goods. This right they could exercise, and the assent of the purchasers to their resumption of the possession gave them no greater right in that respect. If such resumption of possession operated to give them an advantage over other creditors, it was vested in them by law, and independently of the consent of the purchasers. The voluntary assent of the purchasers did not make their taking possession illegal under the bankrupt law, because, however, in form, they acted under the order, they had, in fact and in law, all the right of preference, in this respect, independently of such assent. It is not giving a preference to a creditor, when a debtor, peaceably and for convenience, assents to the doing by the creditor of what the creditor, if objection and collision arose, could lawfully do in spite of objection.

Again, the non-payment of the price warranted a rescission of the sale; and, as to that, like observations are pertinent. The company, therefore, on the stoppage of the goods, and on obtaining possession thereof, had a right to appropriate the salt, on crediting the same, so as practically to extinguish the charge of the price of the sale to that extent. While the bankrupt law should be enforced so to give effect to its provisions as fairly and fully to effect its beneficial design and purpose, the court should not be astute to discover technical grounds on which to defeat the just and equitable rights of one creditor, in order to benefit the rest, by enlarging the fund for equal distribution, or by inequitably cutting off the one from a participation therein.

The order must be affirmed.